**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LESLIE RAYMOND SCHRAM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MARTY SIRMONS, Warden, )<br>)<br>Respondent. ) | Case No. 04-CV-0892-CVE-PJC |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state inmate and appears *pro se*. Respondent filed a response to the petition (Dkt. # 1) asserting that Petitioner's claim is procedurally barred. Petitioner filed a reply to Respondent's response (Dkt. # 6). For the reasons discussed below, the Court finds that Petitioner's claim should be denied as procedurally barred.

*BACKGROUND*

Petitioner challenges the Judgment and Sentence entered in Osage County District Court, Case No. CF-2004-32. In that case, Petitioner entered a plea of guilty to Possession of Contraband in a Penal Institution. On February 13, 2004, pursuant to a plea agreement, he was sentenced to five (5) years imprisonment, with all except the first one (1) year suspended, to be served consecutively to any sentence he was presently serving. Petitioner did not file a motion to withdraw his guilty plea and did not otherwise perfect a *certiorari* appeal.

On March 9, 2004, Petitioner filed a petition for writ of habeas corpus in Osage County District Court, Case No. WH-2004-120. By order filed March 10, 2004, the state district court denied the petition. See Dkt. # 1, Response, Ex. 1. Petitioner appealed to the Oklahoma Court of

Criminal Appeals ("OCCA"). By order filed April 12, 2004, in Case No. HC-2004-283, the OCCA affirmed the denial of the petition for writ of habeas corpus. See id., Ex. 2.

On September 8, 2004, Petitioner filed his federal petition for writ of habeas corpus and supporting brief in the United States District Court for the Western District of Oklahoma. See Dkt. # 1, petition and supporting brief. On November 11, 2004, the case was transferred to this District Court. In his federal petition, Petitioner claims that his guilty plea was involuntary because the State offered him a plea-bargained sentence that was illegal under Oklahoma statutes. According to Petitioner, his previous felony convictions rendered him ineligible for a partially suspended sentence. In response to the petition, Respondent argues that Petitioner's claim is procedurally barred.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the Petitioner meets the exhaustion requirements under the law. Petitioner presented his instant claim to the OCCA in his state habeas corpus appeal. As a result, Petitioner has exhausted his state remedies.

The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Procedural Bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

As stated above, Petitioner first presented his claim to the OCCA in his state habeas corpus appeal. The state appellate court did not consider the merits of Petitioner's claim. Instead, citing Rule 10.6(C), *Rules of the Oklahoma Court of Criminal Appeals*, the OCCA affirmed the denial of habeas corpus relief, finding that Petitioner had failed to establish that his confinement was unlawful and that any alleged error relating to Petitioner's sentences could have been raised in a direct appeal proceeding. See Dkt. # 1, Response, Ex. 2. The OCCA also stated that "[t]he writ of habeas corpus is not an authorization to bypass the statutory appeal process." Id.

Upon application of the principles of procedural default to this case, the Court concludes that Petitioner's claim is procedurally barred. The state court's procedural bar as applied to Petitioner's claim was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground

because at the time of Petitioner's procedural default, the OCCA consistently declined to review claims that could have been but were not raised in a direct appeal. Cf. Okla. Stat. tit. 22, § 1086; Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998) (state appellate court's imposition of procedural bar based on failure to comply with Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, was independent and adequate to preclude federal habeas corpus review).

Because of his procedural default, this Court may not consider Petitioner's claim unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 510 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply to Respondent's response, Petitioner does not offer an explanation for his failure to file a motion to withdraw his plea or to perfect a *certiorari* appeal. See Dkt. # 6. He argues only that in responding to the petition, Respondent "misinterpreted or misunderstood" the nature of his claim. Id. He emphasizes that his claim is that the district court lacked jurisdiction to order his sentence suspended. While that argument serves to clarify the claim, it does not serve to excuse the procedural default. The Court finds Petitioner has failed to demonstrate cause and prejudice

sufficient to overcome the procedural bar. In addition, Petitioner does not assert that he is actually innocent of the crime for which he was convicted. As a result, he fails to satisfy the "fundamental miscarriage of justice" exception. Therefore, the Court concludes Petitioner's claim should be denied as procedurally barred.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner's claim is procedurally barred from federal habeas corpus review. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate judgment shall be entered in this case.

**DATED** this 5th day of March, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT